## THE PEOPLE v. WILLIAMS.

Where a juror in a trial for murder stated on his *voir dire* that he had expressed an opinion as to the guilt or innocence of the prisoner, and that such opinion, when expressed, was without qualification, *Held,* that he was properly challenged by the prisoner, and should have been rejected.

It is no argument in favor of the ruling of the Court overruling the challenge, that the juror did not state whether his opinion was for or against the prisoner.   The Courts would not permit a juror to be questioned on that point.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

The appeal in this case was taken by the defendant, who was tried on an indictment for murder.

There is but one error assigned, which is stated in the opinion of the Court.

*Dudley & Adams*, for Appellant.

*Wm. T. Wallace, Attorney General*, for the People.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice TERRY concurred.

On the trial of this cause, one of the jurors was asked if he had formed or expressed an unqualified opinion as to the guilt or innocence of the accused, and answered that he had expressed an opinion which was not qualified.

The prisoner objected to the competency of the juror; the objection was overruled, and the juror sworn. The criminal Practice Act makes this a ground for challenge. The only argument adduced to support the ruling of the Court below is, that it does not appear from the record that the juror had formed an opinion against the prisoner, and therefore he does not show that he was injured. Such I apprehend is not the rule; the adoption of this humane provision was intended to secure an impartial trial both to the accused and the State.

It would be a mockery of justice to permit persons to sit upon a jury, who had made up their minds upon the issue; for one party or another would have to combat all the influences of pride of opinion, as well as personal prejudice. But the statute having declared that the expression of an unqualified opinion shall be ground of challenge, it is not important on which side the opinion was expressed, and it would be exceedingly improper for a Court to permit the jurors to be asked the question. Such a practice in times of high popular excitement would control the jury box by an overwhelming expression of opinion, against which innocence would be unable to contend, and totally subvert the purity and independence of judicial proceedings. It is enough that the law has wisely foreseen these consequences, and provided against them, by declaring such shall be ground of challenge, and that the prisoner has availed himself of his rights.

Judgment reversed, and cause remanded.